People ex rel. Marrero v Stanford (2023 NY Slip Op 01832)

People ex rel. Marrero v Stanford

2023 NY Slip Op 01832

Decided on April 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 6, 2023

CV-22-2198
[*1]The People of the State of New York ex rel. Izmehel Marrero, Respondent- Appellant,
v
Tina M. Stanford, as Chair of the Board of Parole, et al., Appellants-Respondents.

Calendar Date:March 28, 2023

Before:Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ.

Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for appellants-respondents.
Izmehel Marrero, Malone, respondent-appellant pro se.

Reynolds Fitzgerald, J.
Cross-appeals from an order of the Supreme Court (John T. Ellis, J.), entered November 22, 2022 in Franklin County, which, among other things, granted petitioner's application, in a proceeding pursuant to CPLR article 70, and directed the Department of Corrections and Community Supervision to release petitioner to parole supervision.
In 2015, petitioner was convicted of attempted sexual abuse in the first degree and was sentenced to 3½ years in prison, to be followed by 10 years of postrelease supervision. Between November 2015 and November 2018, petitioner was released to postrelease supervision and reincarcerated three times due to various violations of the conditions of his release. Petitioner was released to postrelease supervision again on August 4, 2020. On August 11, 2020, petitioner was charged with violating his conditions of release, including that he not abscond from supervision, and a parole warrant was issued. In March 2021, the Department of Corrections and Community Supervision (hereinafter DOCCS) was advised that petitioner had been arrested and charged with assault. DOCCS then issued a supplemental parole violation notice that included various new violation charges, including that petitioner had committed an assault while on release. In April 2021, a final parole revocation hearing was held during which petitioner pleaded guilty to the charge of absconding from supervision in satisfaction of all the violations with which he was charged. Although absconding was a category 2 violation at the time of petitioner's plea (see 9 NYCRR former 8005.20 [c] [2]), as part of the plea agreement, petitioner agreed to be assessed time as if he were a category 1 violator.[FN1] Pursuant to the terms of the agreement, the Administrative Law Judge ordered that petitioner be held for 30 months.
In December 2021, petitioner filed a grievance seeking that DOCCS recalculate the time assessment from 30 months to seven days, pursuant to the Less is More Community Supervision and Revocation Act (hereinafter the Less is More Act) (see Executive Law § 259-i [3] [f], as amended by L 2021, ch 427, §§ 6, 10). The Less is More Act modified the procedures and standards regarding the revocation of postrelease supervision, eliminating the numbered categories of violations and, instead, distinguishing technical violations from non-technical violations and prohibiting reincarceration for technical violations, with limited exceptions (see Executive Law §§ 259 [6], [7]; 259-i [3] [f] [xi], [xii], as amended by L 2021, ch 427, §§ 1, 6). The Inmate Grievance Review Committee denied the grievance, informing petitioner that he had been classified as a "non-technical" violator by the Central Office and as such was ineligible for recalculation under the Less is More Act.
In August 2022, petitioner filed an application for a writ of habeas corpus seeking his immediate release, contending that he had admitted to a technical violation and that he could not be reincarcerated [*2]for this violation under the Less is More Act (see Executive Law § 259-i [3] [f] [xi]) or, alternatively, that the assessment should be recalculated and reduced to a seven-day assessment (see Executive Law § 259-i [3] [f] [xii] [1]). Supreme Court concluded that petitioner's violation constituted a technical violation under the Less is More Act (see Executive Law § 259- i [3] [f] [xi], [xii]) and ordered that DOCCS recalculate the time assessment from 30 months to 15 days and to release petitioner to parole supervision. Respondents appeal and petitioner cross-appeals.[FN2]
The Less is More Act was enacted on September 17, 2021, effective March 1, 2022 (see L 2021, ch 427, § 10). The act instructed that "within [10] months of [it] becoming law [DOCCS] in consultation with the [B]oard of [P]arole shall identify all individuals incarcerated for a sustained violation of community supervision and recalculate such individual's time assessment in accordance with this act" (L 2021, ch 427, § 10). In calculating a violator's time assessment pursuant to the Less is More Act, DOCCS must initially determine whether that person committed a non-technical violation or a technical violation (see Executive Law §§ 259 [6], [7]; 259-i [3] [f] [xi], [xii]). A non-technical violation is defined as "(a) the commission of a new felony or misdemeanor offense; or (b) conduct by a releasee who is serving a sentence for an offense defined in article 130 of the penal law or section 255.26 or 255.27 of such law, and such conduct violated a specific condition reasonably related to such offense and efforts to protect the public from the commission of a repeat of such offense" (Executive Law § 259 [7]). A technical violation is defined as "any conduct that violates a condition of community supervision in an important respect, other than the commission of a new felony or misdemeanor offense under the penal law" (Executive Law § 259 [6]). In accordance with the act, for non-technical violations, DOCCS may "direct the violator's reincarceration up to the balance of the remaining period of post[ ]release supervision, not to exceed five years; provided, however, that a defendant serving a term of post[ ]
release supervision for a conviction of a felony sex offense defined in [Penal Law § 70.80] may be subject to a further period of imprisonment up to the balance of the remaining period of post[ ]release supervision" (Executive Law § 259-i [3] [f] [xii]). For technical violations, reincarceration may generally not be imposed, however violators may be reincarcerated for up to 30 days for certain technical violations, depending on the violation and how many previous violations had occurred (see Executive Law § 259-i [3] [f] [xi], [xii]).
At the outset, we note that any determination by DOCCS that petitioner is a non-technical violator is not in the record, nor are there any findings by DOCCS in this regard in order for us to discern the basis for the determination. That said, we agree [*3]with Supreme Court that, by pleading guilty in 2021 to absconding, petitioner did not admit to the commission of a new felony or misdemeanor so as to be considered a non-technical violator under Executive Law § 259 (7) (a). The fact that, as part of the plea agreement, petitioner agreed to the imposition of a time assessment commensurate with, among other things, committing an assault in exchange for pleading guilty to absconding does not, in our view, constitute an admission to conduct warranting a finding of a non-technical violation under this subsection.
Since petitioner was serving a sentence for attempted sexual abuse in the first degree (see Penal Law §§ 110.05, 130.65) at the time of his violation, DOCCS could also have determined that petitioner was a non-technical violator if it found that he had violated a specific condition of his release that was reasonably related to his offense and the efforts to protect the public from a reoccurrence of such an offense (see Executive Law § 259 [7] [b]). In the absence of a detailed decision by DOCCS in this regard, however, intelligent review of its determination is foreclosed (see generally Matter of Mayfield v Evans, 93 AD3d 98, 110 [1st Dept 2012]). Accordingly, the matter must be remitted to DOCCS to determine, in the first instance, whether or not petitioner's violation for absconding warrants a finding that he is a non-technical violator under Executive Law § 259 (7) (b). Therefore, we withhold decision and remit for DOCCS to issue a written decision explaining its determination within 20 days of this Court's decision.
Garry, P.J., Clark and Aarons, JJ., concur.
ORDERED that the decision is withheld, and matter remitted to the Department of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The time assessment for category 1 violators, which included violators that inflicted or attempted to inflict physical injury upon another, was no less than 12 months and could be up to the maximum amount of time remaining on the sentence (see 9 NYCRR former 8005.20 [c] [1]). The time assessment for category 2 violators was no less than 3 months and no more than 15 months (see 9 NYCRR former 8005.20 [c] [2]).

Footnote 2: This Court granted respondents' motion for a stay pending appeal. To the extent that petitioner challenges this Court's issuance of the temporary stay of execution of the order pending the appeal, that issue is not properly before us.